Sergio ALVAREZ, Plaintiff—Appellant,

v.

**Dwight W. WINSLOW; et al., Defendants—Appellees.**

**No. 05–17225.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 19, 2006.

Sergio Alvarez, Cresent City, CA, pro se.

Samantha D. Tama, Esq., Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Sergio Alvarez appeals pro se from the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference to his dietary needs following the removal of his gallbladder. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004). We review for abuse of discretion the denial of appointment of counsel, *Terrell v. Brewer*, 935 F.2d 1015,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1017 (9th Cir.1991), and the denial of additional discovery, *Tatum v. City and County of San Francisco,* 441 F.3d 1090, 1100 (9th Cir.2006). We affirm.

The district court properly granted summary judgment in favor of defendants, because the evidence does not create a material issue of fact as to whether the "heart-healthy" diet provided to Alvarez was medically unacceptable under the circumstances or chosen in conscious disregard of an excessive risk to Alvarez's health. *See Toguchi,* 391 F.3d at 1058; *see also Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir. 1989) (differences of medical opinion are insufficient to establish deliberate indifference).

The district court did not abuse its discretion in denying Alvarez's request for appointment of counsel because the record does not demonstrate exceptional circumstances to justify the appointment of counsel. *See Terrell,* 935 F.2d at 1017.

The district court also did not abuse its discretion in denying Alvarez's Fed. R.Civ.P. 56(f) discovery request, because Alvarez failed to show how "additional discovery would have revealed specific facts precluding summary judgment." *See Tatum,* 441 F.3d at 1101.

Alvarez's remaining contentions are unpersuasive.

**AFFIRMED.**